UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

BROTHERHOOD OF
MAINTENANCE OF WAY
EMPLOYES DIVISION OF THE
INTERNATIONL
BROTHERHOOD OF
TEAMSTERS,

    Plaintiff,

v.                                                          Case No. 3:23-cv-686-BJD-JBT

GENESEE & WYOMING, INC.
and RAILROAD ENGINEERING
SERVICES LLC,

    Defendants.
_____/

## **O R D E R**

**THIS CAUSE** is before the Court on Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 25; Motion) and Defendants' Response in Opposition (Doc. 26). Plaintiff initiated this action on June 9, 2023, for Defendants' alleged retaliation and interference with its employees' right to unionize. (Doc. 1). On June 26, 2023, Plaintiff provided proof of service on Defendants. (Docs. 18-19). On July 13, 2023, Plaintiff filed its Motion for Temporary Restraining Order and Preliminary Injunction. (Doc. 25).

"An <u>ex parte</u> temporary restraining order is an extreme remedy to be used only with the utmost caution." <u>Levine v. Comcoa Ltd.</u>, 70 F.3d 1191, 1194 (11th Cir. 1995) (Hill, J., concurring). The most significant distinguishing element of a temporary restraining order from a preliminary injunction is that the temporary restraining order is issued <u>ex parte</u>. <u>Id.</u>; <u>see also</u> Local Rules 6.01 and 6.02, Middle District of Florida, United States District Court (describing requirements for the issuances of temporary restraining orders and preliminary injunction). Plaintiff's request for emergency relief is rooted in its belief that additional retaliation could occur before a hearing is held and before preliminary injunction is entered. Plaintiff does not and cannot argue that notice to Defendants is impractical since Defendants have been served.

However, Plaintiff fails to explain why it waited until now, over a month after it brought suit—and nearly a month after serving Defendants—to seek emergency relief without allowing a response from Defendants. It is well-established that a party cannot manufacture an emergency and benefit in its creation by precluding Defendants from an opportunity to respond. See <u>Bravado Int'l Grp. Merch. Servs., Inc. v. Smith</u>, No. 8:12-CV-613-T-23EAJ, 2012 WL 1155858, at *1 (M.D. Fla. Mar. 27, 2012) (admonishing party for waiting seven days before the operative

event to file a TRO when notice was provided of its occurrence further in advance).[1]

While Defendants have not had an opportunity to fully respond to the substance of Plaintiff's Motion, they do raise a limited argument as to why issuance of a TRO is inappropriate. 29 U.S.C. § 107 provides that a temporary injunction involving a labor dispute, like the one before the court, cannot issue absent a hearing. The Eleventh Circuit explained that section 107 strips the courts of their general jurisdiction to enter an injunction except in limited circumstances. <u>Triangle Const. & Maint. Corp. v. Our Virgin Islands Lab. Union</u>, 425 F.3d 938, 944 (11th Cir. 2005). Plaintiff does not address whether any of these circumstances are present in this case, and given the duration of the acts pertinent to

---

[1] Specifically, <u>Smith</u> deftly explained that the attempt to get a TRO under those circumstances was a

> manufactured emergency violat[ive] [of then] Local Rule 3.01(e), which prohibits the "unwarranted designation of a motion as an emergency motion," Local Rule 4.05(a), which provides that a TRO "will be entered only in emergency cases," and Rule 11, Federal Rules of Civil Procedure, which prohibits a motion "presented for any improper purpose." [ ] [T]his . . . manipulative tactic unfairly disfavors other litigants who, despite expeditious prosecution of each case and scrupulous attention to each local and federal rule of procedure, must wait patiently while the court disposes of a feigned emergency.

<u>Smith</u>, 2012 WL 1155858, at *1.

Plaintiff's request for injunction, ex parte relief is not available to Plaintiff.

Accordingly, after due consideration, it is

**ORDERED:**

1. Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 25) is **DENIED to the extent** it seeks issuance of a temporary restraining order. The Motion is otherwise **TAKEN UNDER ADVISEMENT**.

2. Defendants shall respond to Plaintiff's Motion in no more than twenty (20) pages on or before **July 27, 2023**. Plaintiff shall file a reply of no more than ten (10) pages on or before **July 31, 2023**.

3. This matter is set for **HEARING** on Plaintiff's Motion for Preliminary Injunction (Doc. 25) on **Tuesday, August 15, 2021, at 9:00 a.m.** before the undersigned at the Bryan Simpson United States Courthouse, 300 North Hogan Street, Courtroom 12C, Twelfth Floor, Jacksonville, Florida 32202.[2] [3]

---

[2] If the parties are able to agree to a resolution of Plaintiff's Motion, they shall immediately notify the Court by filing a joint notice on the docket and telephonically by contacting the Courtroom Deputy.

[3] All persons entering the Courthouse must present photo identification to the Court Security Officers. Although cell phones, laptop computers, and similar electronic devices generally are not permitted in the building, attorneys may bring those items with them upon presentation to the Court Security Officers of a Florida Bar card (presentation of the Duval County Courthouse lawyer identification card will suffice) or Order of special admission pro

4. The Hearing will be conducted in accordance with Rule 65 and the Local Rules. This case does not appear to involve the exceptional situation wherein the Court anticipates submission of evidence at the hearing. See Local Rule 3.01(h). On or before **August 4, 2021**, the parties shall file a notice with the Court stating whether they believe an evidentiary hearing is necessary.

**DONE** and **ORDERED** in Jacksonville, Florida this 14th day of July, 2023.

BRIAN J. DAVIS
United States District Judge

2
Copies furnished to:

Counsel of Record
Unrepresented Parties

---

hac vice, as well as a copy of this Order.  However, all cell phones must be turned off while in the courtroom.