UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| BROTHERHOOD OF MAINTENANCE OF WAY EMPLOYES DIVISION OF THE INTERNATIONAL BROTHERHOOD OF TEAMSTERS,<br><br>Plaintiff,<br><br>v.<br><br>GENESEE & WYOMING RAILROAD SERVICES, INC.<br><br>and<br><br>RAILROAD ENGINEERING SERVICES LLC D/B/A ENGINEERING SERVICES<br><br>Defendants. | CASE NO: 3:23-cv-00686-BJD-JBT |

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT**

Defendants Genesee & Wyoming Railroad Services, Inc. ("GRSI"), and Railroad Engineering Services LLC ("RES") answer the First Amended Complaint ("Complaint") of Plaintiff, the Brotherhood of Maintenance of Way Employes Division of the International Brotherhood of Teamsters ("BMWED"), as follows:

1

## INTRODUCTION

Defendants respond to the "Introduction" paragraph of the Complaint as follows: Defendants deny that Defendant RES is properly named as "Railroad Engineering Services LLC D/B/A Engineering Services." Defendants admit only that Plaintiff BMWED filed an application with the National Mediation Board ("NMB") to represent certain maintenance of way employees of Defendant RES in January 2023 and that the NMB certified BMWED as the representative of certain employees of RES. The remaining allegations of the Introduction are denied. By way of further response, Plaintiff's purported claims under Florida law are preempted by federal law including, without limitation, the Railway Labor Act, 45 U.S.C. §§151 et seq. ("RLA").

## JURISDICTION

1. Paragraph 1 of the Complaint states conclusions of law to which no response is required. By way of further answer, because the National Mediation Board ("NMB") has exclusive jurisdiction over some or all of the claims asserted in Plaintiff's Complaint, Defendants deny paragraph 1 of the Complaint.

2. Paragraph 2 of the Complaint states conclusions of law to which no response is required.

## VENUE

3. Paragraph 3 of the Complaint states conclusions of law to which no response is required.

## PARTIES

4. Admitted.

5. It is admitted that GRSI is a carrier within the meaning of 45 U.S.C. § 151 First. G&WG is not a defined term, but assuming that Plaintiff refers to GRSI, Defendants admit that GRSI is incorporated in Delaware, and maintains its Operations Headquarters in Jacksonville, Florida located at 13901 Sutton Park Drive South, Suite 270.

6. Denied as stated. It is admitted only that GRSI is owned by Genesee & Wyoming Inc., an American holding company that, directly or indirectly, owns an interest in railroads in the United States and other countries. The remaining allegations of paragraph 6 of the Complaint are denied or are incomplete.

7. Denied as stated. It is admitted only that Defendant RES was formed as a subsidiary of GWI in 2015; that RES provides maintenance service to some GWI railroads from time to time; that RES is a "carrier" within the meaning of 45 U.S.C. § 151 First; that RES is incorporated in Delaware; and that the

3

Corporate Headquarters of RES is in Jacksonville, Florida, located at 13901 Sutton Park Drive South, Suite 270.

## STATEMENT OF FACTS

8.  Denied as stated.  It is admitted that, on some railroads in the United States, maintenance of way employees maintain tracks, bridges, buildings and other structures.  By way of further answer, employee groups other than maintenance of way employees perform the same kind of work.

9.  Denied as stated.  As of the date the Complaint was filed, RES employed two Track and Surfacing gangs (designated as TS-1 and TS-3), whose work involves replacement of rail ties and surfacing of the rail that sits upon the ties. There are also two Bridge gangs (B-1 and B-2), which maintain the bridges on the railroads.  The remaining allegations of paragraph 9 of the Complaint are denied.

10. Denied as stated.  It is admitted that BMWED filed an Application for Investigation of a Representation Dispute with the NMB seeking to represent the previously unrepresented maintenance of way employees at RES.  By way of further response, the application was filed on January 18, 2023.  *See* Complaint Exh. 1.  Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the second sentence of paragraph 10 of the Complaint and therefore deny same.

4

11. Paragraph 11 of the Complaint states conclusions of law to which no response is required.

12. Defendants admit only that the NMB ordered a representation election among maintenance of way employees at RES to determine whether they desired to be represented by BMWED. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 12, and therefore, deny same.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. It is admitted only that Mr. Chandler informed supervisors there was a hiring freeze at RES. By way of further answer, the hiring freeze was instituted on or about December 28, 2022, and was put in place after the decision had been made to eliminate the TS-2 gang. It is further admitted that Mr. Chandler instructed supervisors not to buy meals for employees while the union's representation petition was pending so as not to give the appearance of trying to interfere with employees' free choice in the election. The remaining allegations in paragraph 17 of the Complaint are denied.

18. Denied. By way of further answer, a hiring freeze existed before Plaintiff filed an application with the NMB.

19. Denied.

20. Denied.

21. Denied.

22. Denied. By way of further answer, a hiring freeze existed before Plaintiff filed an application with the NMB.

23. Denied. By way of further answer, a hiring freeze existed before Plaintiff filed an application with the NMB.

24. Denied as stated. Defendants admit that the RES maintenance of way employees elected BMWED to be their representative; that 39 employees voted in favor of representation; and that 9 employees voted against representation. The remaining allegations of paragraph 24 of the Complaint are denied. By way of further answer, of 66 eligible employees, 48 employees voted in the NMB election.

25. Admitted.

26. Denied as stated. Plaintiff sent to Defendant RES a notice to commence negotiations, and RES has responded to said notice. The parties held an initial bargaining session on June 12, 2023, and have scheduled an additional meeting for August 14, 2023.

6

27. Denied.

28. Denied.

29. Denied.

30. Denied as stated. It is admitted only that maintenance of way employees at RES typically work on a rotation of 8 days on and 6 days off. Because paragraph 30 of the Complaint does not identify specific employees, Defendants are without knowledge sufficient to admit or deny Plaintiff's allegation as to the days of their work schedules and therefore deny same.

31. Denied.

32. Denied as stated. Defendant RES admits only that it has generally told employees in advance of the details of where they are traveling.

33. Denied.

34. Denied as stated. It is admitted only that the TS-2 Gang was the largest of Defendant RES's track and surfacing gangs. By way of further answer, the number of employees on the TS-2 gang fluctuated and it had 25 hourly employees and one supervisor when it was eliminated as of May 25, 2023.

35. Denied as stated. It is admitted only that Brandon Boyd was a member of Defendant RES's TS-2 Gang. The remaining allegations of paragraph 35 of the Complaint are denied.

36. Denied as stated. By way of further answer, Ms. Newstadt is employed by GRSI. The remaining allegations of paragraph 36 of the Complaint are admitted.

37. Denied as stated. It is admitted that, on May 25, 2023, employees assigned to the TS-2 Gang were advised that the TS-2 Gang was eliminated. By way of further answer, employees assigned to the TS-2 Gang were provided information regarding employment opportunities with RES and other companies owned by G&W. As of July 21, 2023, nine of the hourly employees on the TS-2 Gang had obtained other positions on RES, and an additional five obtained positions on other G&W operating railroads.

38. Denied as stated. It is admitted only that the TS-2 Gang was given a draft schedule in January 2023. The remaining allegations of paragraph 38 of the Complaint are denied.

39. Denied.

40. Denied. Defendants admit only that Mark Blyth and Lisa Gasser are officers of both GRSI and RES. The remaining allegations in paragraph 40 of the Complaint are denied.

41. Denied as stated. It is admitted only that GRSI and RES have their corporate headquarters in Jacksonville, Florida, located at 13901 Sutton Park

Drive South, Suite 270.  Any remaining allegations in paragraph 41 of the Complaint are denied.

    42.    Denied.

    43.    Denied.

    44.    Denied.

    45.    Denied as stated.  It is admitted only that BMWED has corresponded with Jackie Newstadt and Sean Banks regarding BMWED-represented employees of RES.

    46.    Denied as stated.  It is admitted only that on May 25, 2023, GRSI managers, including Vice President – Engineering, Jeffrey Watson, Chief Engineer – Production, Arthur Chandler, and Vice President – Human Resources, Warren Quick, met with employees on the TS-2 Gang, and informed them that the gang was being abolished and their jobs were being eliminated.  By way of further answer, employees also were provided a list of available positions on both RES and other G&W operating railroads at that meeting, and were informed they would be given priority over outside applicants for those positions  The remaining allegations in paragraph 46 of the Complaint are denied.

    47.    Denied.

48. Defendants incorporate by reference their responses to the preceding paragraphs of the Complaint.

49. Paragraph 49 of the Complaint contains conclusions of law to which no response is required.

50. Paragraph 50 of the Complaint contains conclusions of law to which no response is required.

51. Denied.

52. Denied.

53. Denied.

54. Denied as stated. It is admitted only that Plaintiff and Defendant RES have not bargained their first collective bargaining agreement. The remaining allegations of paragraph 54 of the Complaint are denied.

55. Denied.

56. Defendants incorporate by reference their responses to the preceding paragraphs of the Complaint.

57. Paragraph 57 of the Complaint states conclusions of law to which no response is required. To the extent paragraph 57 of the Complaint contains allegations of fact, they are denied.

58. Defendants incorporate by reference their responses to the preceding paragraphs of the Complaint.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims under Florida law are preempted by the federal law, including without limitation, the Railway Labor Act, 45 U.S.C. §§151 *et seq.*

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the exclusive jurisdiction of the National Mediation Board.

### RESERVATION OF RIGHTS

Defendants reserve the right to amend or supplement their Answer and Affirmative Defenses to the First Amended Complaint, including any of their denials, requests for relief, defenses, and affirmative defenses based on

information that may become known during the course of litigation and discovery of this matter.

**WHEREFORE,** Defendants respectfully request that Plaintiff's claims and requests for relief in the First Amended Complaint be denied in their entirety, that judgment be entered in favor of Defendants, and for any further relief in Defendants' favor that this Court deems appropriate and just.

Date:  July 27, 2023

    Respectfully submitted,
    JACKSON LEWIS P.C.
    501 Riverside Avenue, Suite 902
    Jacksonville, FL  32202
    Telephone:  (904) 638-2655
    Facsimile:   (904) 638-2656

    By: */s/Lindsay Dennis Swiger*
    Lindsay D. Swiger
    Florida Bar No. 0045783
    Lindsay.Swiger@jacksonlewis.com
    Ryan T. Dyson
    Florida Bar No. 1026004
    Ryan.Dyson@jacksonlewis.com
    Alexandrea.Price@jacksonlewis.com
    *Attorneys for Defendant, Railroad Engineering Services LLC d/b/a Engineering Services and Genesee & Wyoming Railroad Services, Inc.*

    and

    Robert S. Hawkins (*pro hac vice*)
    Pennsylvania Bar No. 39862
    Andrew J. Rolfes (*pro hac vice*)
    Pennsylvania Bar No. 78809
    COZEN O'CONNOR

1650 Market Street, Suite 2800<br>
Philadelphia, PA   19103<br>
(215) 665-2000<br>
rhawkins@cozen.com<br>
arolfes@cozen.com<br>
*Attorneys for Defendant, Railroad Engineering Services LLC d/b/a Engineering Services and Genesee & Wyoming Railroad Services, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on July 27, 2023, the foregoing was electronically filed with the Court by using the CM/ECF system, which serves same upon the following counsel of record:

| | |
|---|---|
| Pamela M. Newport<br>Rachel R. Rekowski<br>HERZFELD, SUETHOLZ, GASTEL, LENISKI and WALL PLLC<br>600 Vine Street, Suite 2720<br>Cincinnati, OH   45202<br>pamela@hsglawgroup.com<br>rachel@hsglawgroup.com | D. Marcus Braswell, Jr.<br>SUGARMAN SUSSKIND BRASWELL & HERRERA<br>150 Alhambra Circle, Suite 725<br>Coral Gables, FL   33134<br>mbraswell@sugarmansusskind.com |
| Joe P. Leniski, Jr.<br>HERZFELD, SUETHOLZ, GSTEL, LENISKI and WALL PLLC<br>The Freedom Center<br>223 Rosa Parks Avenue, Suite 300<br>Nashville, TN   37230<br>joey@hsglawgroup.com | David O'Brien Suetholz<br>HERZFELD, SUETHOLSZ, GASTEL, LENISKI, and WALL PLLC<br>515 Park Avenue<br>Louisville, KY   40208<br>dave@hsglawgroup.com |

*Attorneys for Plaintiff*

                                          */s/ Lindsay Dennis Swiger*
                                              Attorney

4886-6388-7475, v. 1