# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

| | |
|---|---|
| BROTHERHOOD OF MAINTENANCE OF WAY EMPLOYES DIVISION OF THE INTERNATIONAL BROTHERHOOD OF TEAMSTERS, <br><br>            Plaintiff, <br><br>v. <br><br>GENESEE & WYOMING RAILROAD SERVICES, INC., *et al.*, <br><br>            Defendants. | No. 3:23-cv-00686-BJD-JBT |

## DEFENDANTS' NOTICE
## REGARDING EVIDENTIARY HEARING

Defendants Genesee & Wyoming Railroad Services, Inc. ("GRSI") and Railroad Engineering Services, LLC ("RES") submit this Notice pursuant to the Court's July 14, 2023 Order in which the Court ordered the parties to state whether they believe that an evidentiary hearing is necessary to address the motion for preliminary injunction filed by Plaintiff, Brotherhood of Maintenance of Way Employes Division/IBT ("BMWED" or "Plaintiff" or "Union").  Counsel for Defendants have conferred with counsel for Plaintiff.  The parties appear to be in agreement that an evidentiary hearing is necessary before the Court can

issue an injunction in this case, but disagree on certain points. Defendants are filing this Notice separately to address those areas of disagreement.

      1.      No Evidentiary Hearing Is Required for the Court to Deny Plaintiff's Motion for Preliminary Injunction.

Defendants respectfully submit that the Court can, and should, deny Plaintiff's motion without an evidentiary hearing because Plaintiff's remaining factual allegations fail, as a matter of law, to satisfy the standard for judicial intervention in a post-certification labor dispute under the Railway Labor Act.

A month after filing its original Complaint, Plaintiff sought a Temporary Restraining Order *without a hearing*, in blatant violation of the Norris-LaGuardia Act ("NLGA"). Plaintiff based its claim for this improper relief on two primary allegations: (1) that on May 25, 2023, Defendant RES laid off "nearly half of its workforce" in retaliation for the Union serving a routine notice to bargain under the RLA three days earlier, and (2) that RES instituted a "hiring freeze" in direct response to the Plaintiff's organizing efforts. However, the undisputed facts show that these allegations are baseless. As Defendants' unrebutted declarations demonstrate, with support from contemporaneous records, the decisions to eliminate one of several work crews and to institute a hiring freeze were made in December 2022, well before the Union was certified as bargaining representative, and months before the Union got around to serving a notice to commence bargaining.

2

In its most recent filing, Plaintiff concedes that the standard for post-certification judicial intervention under the RLA is "more limited" and that the Union must prove that the employer has launched a "fundamental attack on the collective bargaining process" or a "direct attempt to destroy a union." (Doc. 36, Pl. Reply at 3). But, with its prior factual allegations thoroughly debunked, the Union now relies on (1) allegations that there was a "rumor" of a union organizing effort at some undefined point in the fall of 2022; (2) speculation that supervisors might have known about some employees' possible interest in having a union; and (3) unadulterated speculation that these rumors had some effect on the Defendants' planning for the safe and efficient handling of railroad tie replacement projects in 2023. In light of the governing legal standard, these allegations fall of their own weight, and do not require a hearing for the Court to deny Plaintiff's request for preliminary injunction.

    2.    **To Grant Injunctive Relief, the Court Must Hold a Hearing in Compliance with the Norris-LaGuardia Act.**

Because this case grows out of a labor dispute, the NLGA deprives the Court of jurisdiction to issue an injunction without holding a hearing and offering the Defendants an opportunity to cross-examine witnesses under oath. The NLGA specifically provides:

> No court of the United States shall have jurisdiction to issue a temporary or permanent injunction in any case involving or growing out of a labor dispute, as defined in this chapter,

3

> except after hearing the testimony of witnesses in open court (with opportunity for cross-examination) in support of the allegations of a complaint made under oath, and testimony in opposition thereto, if offered, and except after findings of fact by the court…

29 U.S.C. § 107. These requirements apply with full force in actions by a union seeking injunctive relief against an employer. *Mine Workers Dist. 17 Local 3029 v. A & M Trucking, Inc.*, 991 F.2d 108, 110-111 (4th Cir. 1993); *Int'l Union, United Auto., Aerospace & Agr. Implement Workers of Am.-UAW v. LaSalle Mach. Tool, Inc.*, 696 F.2d 452, 457 (6th Cir. 1982).

Plaintiff has proposed that an evidentiary hearing in this case may require two days, and suggested that some witnesses be allowed to participate by Zoom if necessary. Defendants object to both of these points. The evidence necessary for the Court to decide Plaintiff's motion can be presented in less than a day, and Defendants will tailor their presentation to the time made available by the Court. Defendants also believe that live testimony should be required of all witnesses. While remote hearings were necessary to allow courts to continue to conduct business during the COVID-19 pandemic, there is no substitute for live testimony for the Court to receive evidence and assess the credibility of witnesses subject to cross-examination.

Date:  August 4, 2023

                    Respectfully submitted,
                    JACKSON LEWIS P.C.

            By:  /s/ *Lindsay D. Swiger*
                    Lindsay D. Swiger
                    Florida Bar No. 0045783
                    Ryan T. Dyson
                    Florida Bar No. 1026004
                    501 Riverside Avenue, Suite 902
                    Jacksonville, FL   32202
                    (904) 638-2655
                    Lindsay.Swiger@jacksonlewis.com
                    Ryan.Dyson@jacksonlewis.com
                    Alexandrea.Price@jacksonlewis.com

                         and

                    Robert S. Hawkins (*pro hac vice*)
                    Andrew J. Rolfes (*pro hac vice*)
                    COZEN O'CONNOR
                    1650 Market Street, Suite 2800
                    Philadelphia, PA   19103
                    (215) 665-2000
                    rhawkins@cozen.com
                    arolfes@cozen.com

**CERTIFICATE OF SERVICE**

I hereby certify that on August 4, 2023, the foregoing was electronically filed with the Court by using the CM/ECF system, which serves same upon the following counsel of record:

| | |
|---|---|
| Pamela M. Newport<br>Rachel R. Rekowski<br>HERZFELD, SUETHOLZ, GASTEL,<br>LENISKI and WALL PLLC<br>600 Vine Street, Suite 2720<br>Cincinnati, OH   45202<br>pamela@hsglawgroup.com<br>rachel@hsglawgroup.com<br>*Attorneys for Plaintiff* | D. Marcus Braswell, Jr.<br>SUGARMAN SUSSKIND BRASWELL<br>& HERRERA<br>150 Alhambra Circle, Suite 725<br>Coral Gables, FL   33134<br>mbraswell@sugarmansusskind.com<br>*Attorneys for Plaintiff* |
| Joe P. Leniski, Jr.<br>HERZFELD, SUETHOLZ, GSTEL,<br>LENISKI and WALL PLLC<br>The Freedom Center<br>223 Rosa Parks Avenue, Suite 300<br>Nashville, TN   37230<br>joey@hsglawgroup.com<br>*Attorneys for Plaintiff* | David O'Brien Suetholz<br>HERZFELD, SUETHOLSZ, GASTEL,<br>LENISKI, and WALL PLLC<br>515 Park Avenue<br>Louisville, KY   40208<br>dave@hsglawgroup.com<br>*Attorneys for Plaintiff* |

By: /s/ *Lindsay D. Swiger*
      Attorney

4864-6334-2709, v. 1